IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                                                                   No. CR 20-0221 JB

ROBERT TRUJILLO,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion for Appointment of Counsel, filed October 16, 2024 (Doc. 121)("Motion"). The primary issue is whether the Court should reduce Defendant Robert Trujillo's sentence in this case, in which Trujillo is serving a term of incarceration for violating his conditions of supervising release, because he is eligible for a reduction pursuant to Amendment 821 of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). The Court denies the Motion, because Trujillo already has received an Amendment 821 sentence reduction in his other federal case, CR 22-1402 JB ("drug-possession case"), and the Court will run the last 27 days of this sentence consecutively to that sentence, regardless of this sentence's length.

## ANALYSIS

Trujillo receives an Amendment 821 reduction in his drug-possession federal case, CR 22-1402 JB, so the Court denies the Motion, because the Court runs all but the last month of the sentence for a supervised-release violation concurrently to sentences in Trujillo's drug-possession case. The Court entered the judgment in this case on April 28, 2023. See Judgment in a Criminal Case for Revocation of Probation or Supervised Release at 1 (Doc. 120)("Revocation Judgment"). The Revocation Judgment commits Trujillo to the Federal Bureau of Prisons' custody for a total term of 10 months, and notes that "9 months and 3 days of said term shall run concurrently as to

the sentence imposed in" CR 22-1402 JB, the drug-possession case, "and the remaining 27 days of which shall run consecutively as to same." Revocation Judgment at 1. In Trujillo's other case, CR 22-1402 JB, the Court sentences him to 84 months. Judgment in a Criminal Case at 2, filed April 28, 2023 (Doc. 36), in CR 22-1402 JB ("CR 22-1402 Judgment").

In CR 22-1402 JB, Trujillo files, with the assistance of counsel, an Unopposed Motion for Sentence Reduction Under Guideline Amendment 821, filed October 21, 2024 (Doc. 39), in CR 22-1402 JB ("Unopposed Motion"). The Unopposed Motion states that Trujillo is eligible for a sentence reduction under Amendment 821 Part A; it also states that the United States agrees that Trujillo is eligible and does not oppose the requested relief. See Unopposed Motion at 2. Subsequently, the Court reduces Trujillo's sentence in CR 22-1402 to 70 months. See Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), filed December 17, 2024 (Doc. 40), in CR 22-1402 JB ("821 Order").

When the Court sentences a defendant for violating supervised-release conditions and for committing a new federal crime, the Court's usual practice is to run the supervised-release sentence concurrently to the longer sentence but run the final month of the supervised-release sentence consecutively. See United States v. Martinez, 184 F. Supp. 3d 1209, 1228 (D.N.M. 2016)(Browning, J.)(demonstrating this practice). The Court wants to concentrate on getting the sentence for the new crime exactly right, and it does not want to unravel that work by running a lengthy sentence for the revocation consecutively. On the other hand, there should be consequences for the violation. Hence, the last month in prison is a reminder to the Defendant, who is about to go on supervised release again, that the federal Court takes supervised release seriously and will enforce the conditions imposed.

Here, the Court followed this practice. It sentences Trujillo to 84 months in the drug-possession case, CR 22-1402, and sentences Trujillo to 10 months in this case, CR 20-0221, with

the final 27 days of this sentence to run consecutively to the 84-month sentence. Now, because the Court grants the Unopposed Motion in the case with the 84-month sentence, Trujillo's longer sentence is only 70 months, but the 27 days of this case's sentence will still run consecutively. Even if the Court granted Trujillo's Motion in this case, the Court would still run the final 27 days of the reduced term of imprisonment consecutively to Trujillo's 70-month sentence. The Court intends this sentencing scheme to comply with the 18 U.S.C. § 3583(e) factors,[1] specifically, deterrence. Trujillo will know that his final 27 days of incarceration are the result of his supervised-release violation. Accordingly, because Trujillo's "eligibility for a sentencing reduction does not give him an absolute right to reduction," the Court concludes that § 3583(e)'s deterrence factor counsels against reducing Trujillo's sentence in this case. United States v. Collazo, No. CR 09-2621, 2020 WL 601943, at *3 (D.N.M. February 6, 2020)(Parker, J.).

**IT IS ORDERED** that the Motion for Appointment of Counsel, filed October 16, 2024 (Doc. 121), is denied.

_____
UNITED STATES DISTRICT JUDGE

---

[1] 18 U.S.C. § 3583(3) provides that a Court, in revoking a term of supervising a release and sentencing the defendant to a term of imprisonment that constitutes "all or part of the term of supervised release authorized by statute," needs to consider certain factors in 18 U.S.C. § 3553(a), but not others, including: § 3553(a)(2)(B), deterrence. 18 U.S.C. § 3583(e).

*Counsel:*

Ryan Ellison
   United States Attorney
Randy M. Castellano
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Richard B. Pugh
Albuquerque, New Mexico

   *Attorney for the Defendant*